Raymond J. DONOVAN, Sec. of U. S. Dept. of Labor,

v.

John A. SHAW, Trustee Savings and Profit Sharing Pension Fund of Reliable Life Ins. Co.

No. 80 Misc. 104.

United States District Court, E. D. Missouri, E. D.

Dec. 24, 1980.

Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., Jeffrey F. Krenzel, Washington, D. C., for petitioner.

Frank N. Gundlach, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for respondent.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on the petition of the Secretary of Labor to compel compliance with an administrative subpoena duces tecum issued by the Administrator of the Pension and Welfare Benefit Programs of the United States Department of Labor, in an investigation being conducted pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

Pursuant to 28 U.S.C. § 636, the petition was referred to the United States Magistrate for his review and recommendation. Following a hearing on September 12, 1980, the Magistrate filed his recommendation that the subpoena be enforced with certain limitations.

Focusing on the interpretation of 29 U.S.C. § 1201(d), petitioner objects to the Magistrate's recommendation of limited enforcement. On September 29, 1977, the Secretary of the Treasury issued a determination letter which concluded that the pension plan meets the applicable requirements of 26 U.S.C. § 401 et seq. Petitioner asserts that the determination by the Secretary of the Treasury was only concerned with initial compliance with ERISA, and that truncated enforcement of the subpoena would preclude the Labor Department from adequately investigating the pension plan's operational compliance.

Congress contemplated joint enforcement of ERISA by the Department of the Treasury and the Labor Department. Congress provided for the participation of the Secretary of Labor, upon the request of some of the interested employees, in the Secretary of the Treasury's determination of initial compliance with 26 U.S.C. § 401 et seq., and further provided that information gathered by the Secretary of the Treasury in reaching a determination of initial compliance shall be made available to the Secretary of Labor, as the Secretary may request. 29 U.S.C. § 1201(b)(2), (3).

The information exchange reflects a congressional intent to facilitate enforcement of ERISA without imposing excessive burdens on the pension plan trustees through multiplicious administrative investigations.

The Department of the Treasury's determination of initial compliance is, however, not intended to be conclusive on the Secretary of Labor. Rather, that determination merely shifts the burden to the Secretary of Labor to rebut a prima facie determination of compliance with parts 2 (participation and vesting, 29 U.S.C. § 1051 et seq.), 3 (funding, 29 U.S.C. § 1081 et seq.) and 4 (fiduciary responsibility, 29 U.S.C. § 1101 et seq.) of Subtitle B of ERISA. 29 U.S.C. § 1201(d).

At the hearing before the United States Magistrate on September 12, 1980, petitioner offered no evidence, and engaged in no cross-examination, in an effort to rebut the prima facie evidence of compliance reflected by the Secretary of the Treasury's determination letter. See 29 U.S.C. § 1201(d).

The petitioner having failed to meet his burden of proof, the Court concludes that the petition to enforce subpoenas for the period prior to the date of the determination letter should be denied.

Therefore, the United States Magistrate's Report and Recommendation will be adopted, sustained, and incorporated herein.